UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUSTIN BARRETT,
Plaintiff

v.

CITY OF BOSTON,
BOSTON POLICE DEPARTMENT,
THOMAS M. MENINO,
in his official and individual capacities,
EDWARD F. DAVIS,
in his official and individual capacities,
JACK MCDONOUGH
in his official and individual capacities,
KENNETH FONG
in his official and individual capacities,
Defendants

CIVIL ACTION NO. 09-11298-NG

**FIRST AMENDED COMPLAINT, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

1. This case is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. It is an action in law and equity for damages, injunctive relief and other relief caused by the violation of the Plaintiff's civil rights guaranteed under the Due Process Clause under the Fourteenth Amendment to the United States Constitution and the Massachusetts Declaration of Rights, and challenging the actions of the City of Boston, Massachusetts Appointing Authority, Police Commissioner, Mayor, Lieutenant Detective of the Boston Police Department's Internal Affairs Department, and Superintendent of the Boston Police Department's Bureau of Professional Standards and Development in conspiring to intentionally inflict emotional distress and conspiring to intentionally interfere with the property rights, due process rights and civil rights of the Plaintiff.

**Jurisdiction**

2. Title 28 U.S.C. § 1331 provides federal question jurisdiction, and 28 U.S.C. § 1367 provides supplemental jurisdiction over the state law claims.

**Venue**

3. Pursuant to 28 U.S.C. § 1392(b), venue is proper in the District of Massachusetts, the judicial district in which the claims arose and in which, upon information and belief, all defendants reside or conduct business.

**Parties**

4. The Plaintiff, Justin Barrett, is a Police Officer in the City of Boston Police Department, who is classified as a full time "Permanent" civil service police officer under M.G.L. c. 31, and at all times relevant has been a resident of 1845 Hyde Parke Avenue, Boston, Suffolk County, Massachusetts.

5. Defendant City of Boston is a duly organized municipal corporation under the laws of the Commonwealth of Massachusetts and is authorized to make public safety personnel decisions pursuant to the civil service statute, M.G.L.ch. 31. Defendant, Boston, City of is a Massachusetts municipal government of which the Boston Police Department is an instrumentality. The Boston Police Department is an agency of the Defendant Boston, City of and is responsible for the law enforcement, police personnel, and facilities located within the

City of Boston. The Boston Police Department maintains an office located at One Schroeder Plaza, Boston, Massachusetts.

6. Defendant Thomas M. Menino is and was at all relevant times Mayor of the City of Boston and appointing authority under civil service M.G.L. c. 31. Upon information and belief, he is a resident of the Commonwealth of Massachusetts.

7. Defendant BOSTON POLICE DEPARTMENT is a department, agency, and instrumentality of the City of Boston and is responsible for the law enforcement, police personnel, and facilities located within the City of Boston. The Boston Police Department maintains an office located at One Schroeder Plaza, Boston, Massachusetts.

8. Defendant Edward F. Davis is and was at all relevant times the Police Commissioner for the Boston Police Department. Commissioner Edward F. Davis actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his official and individual capacities.

9. Defendant Jack McDonough is and was at all relevant times Lieutenant Detective for the Internal Affairs Division of the Boston Police Department. Lieutenant Detective McDonough's actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his official and individual capacities.

10. Defendant Kenneth Fong is and was at all relevant times Superintendent for the Bureau of Professional Standards and Development of the Boston Police Department. Superintendent Fong's actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Boston. He is sued in his official and individual capacities.

11. Plaintiff hereby demands a trial by *jury* on all issues so triable.

**Factual Background**

12. Justin Barrett is a full-time civil service Police Officer with the City of Boston Police Department and has been employed there since 7/25/2007.

13. Justin Barrett is an Army veteran having served in combat in the Global War on Terror.

14. Plaintiff Barrett on July 22, 2009, while off duty from the Boston Police Department, at a private home and using a privately owned computer authored a response to a Boston Globe Column by Yvonne Abraham on July 21, 2009. That response sent via a private web server through an email to Abraham and others contained comments and remarks about Prof. Henry L. Gates and Abraham that were interpreted as racist and sexist.

15. On July 29, 2009 Boston Police Commissioner Edward F. Davis placed the plaintiff on "Administrative Leave" with pay, and sent upwards of ten ranking police officers in uniform

and plain clothes to Barrett's home where they entered upon his home and confiscated his badge, official identification and firearm.

16. As of August 3, 2009 Plaintiff Barrett has not received a formal notice of the allegations for which he has been placed on administrative leave.

17. Since Barrett was placed on Administrative leave a firestorm of media attention has been given to the matter contained in the instant complaint. The attention received by this matter has been broadcast on an international level by CNN and Fox News, as well as on a National Level by ABC, CBS and NBC, has been distributed by the Associated Press and is the subject of written articles in the New York Times, New York Daily News and the Los Angeles Times. The story was locally covered by all media outlets, radio, television and print. Google search engine, on entering "Boston Officer Barrett" has 1,900,000 articles or web information concerning the instant matter.

18. Pursuant to M.G.L. c. 31. Plaintiff Barrett is entitled to a hearing before the appointing authority pending any disciplinary action. The purpose of the hearing is for notice and opportunity to be heard on the allegations, and to have semblance of a fair and impartial hearing prior to any discipline.

19. Mayor Thomas M. Menino has stated in an interview to print and television media on a global level "He's gone. G-o-n-e. I don't care, it's like cancer. You don't keep those cancers around." (NY Daily News, July 30, 2009 US/World news). In an online article dated July 29,

2009, Boston Globe correspondent Matt Collette wrote of Menino, "Menino, speaking to the Globe before an evening event in the South End, said he hadn't seen the e-mail. Menino said while the officer is not officially terminated, he might as well be."

20. Police Commissioner Edward F. Davis In a departmental memorandum and in comments to the global media states "Barrett's email was racist and inflammatory. These racist opinions and feelings have no place in this department or in our society and will not be tolerated." Departmental Memorandum has been attached hereto as appendix 1.

21. The subject of Plaintiff Barrett's response to the Boston Globe column is Harvard University Professor Henry L. Gates who has generated significant amounts of global media attention due to his allegations of racism during his arrest and his close personal relationship with the President of the United States, Barack H. Obama.

22. In so much the statements given by Defendants Davis and Menino to a global media and audience are clear that Barrett will be terminated from the Boston Police Department, no thorough investigation and no impartiality at any hearing before Davis or Menino. Barrett is in fact terminated in so much that essentially any hearing is a sham based upon the statements of the Defendants this without any formal notice of charges.

23. At all relevant times Defendants Menino and Davis are the final decision maker as to the Plaintiffs employment and directs all punishment, status, and control of Plaintiff, and acts as hearing officer for review of any punishment.

24. Defendant Menino has not made available to Plaintiff any notice of these alleged charges, despite his statements that "He's gone," "G-o-n-e. I don't care, it's like cancer. You don't keep those cancers around." of the Plaintiffs alleged wrong doings.

25. Defendant Menino and Davis, in statements have leveled the charges, and already determined punishment, without any hearing.

26. Defendants Menino and Davis are taking on the role of prosecutor of the Plaintiff, by leveling the charges, and also the role as finder of fact, and determining the punishment of the Plaintiff, all in their own province.

27. Lieutenant Detective Jack McDonough of the Internal Affairs Division of the Boston Police Department conducted and recorded a three-hour interview with Officer Barrett on August 3, 2009. Lieutenant Detective McDonough asserted to Superintendent Kenneth Fong of the Bureau of Professional Standards and Development of the Boston Police Department that Officer Barrett was not truthful during that interview.

28. On December 2, 2009, Superintendent Fong filed a formal complaint with Commissioner Davis against Officer Barrett. The complaint included Specification IV that states, “Officer Barrett was untruthful during his interview with Internal Affairs.”

29. Plaintiff would lose his salary, health benefits, and medical care if Defendants Menino and Davis are allowed to be the all encompassing prosecutor, judge, and jury.

**Damages**

30. As a result of the defendants' unconstitutional actions, Plaintiff Barrett sustained the following damages: pain and suffering; mental anguish; emotional distress; post-traumatic stress; sleeplessness; indignities and embarrassment; degradation; injury to reputation; and restrictions on his personal freedom. The Plaintiff further requests punitive damages, as well injunctive and any other relief that this Honorable Court deems appropriate.

**Federal Claims**

**COUNT I**
**VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

31. Plaintiff Barrett restates and incorporates by reference herein paragraphs 1 - 30 above.

32. The Plaintiff in effect by the actions and comments of Defendant Davis and Menino has been terminated from his position as a Police Office with the Boston Police Department without notice and evidence of the allegations against him.

33. The Defendants' action of terminating Plaintiff Barrett would cause Plaintiff to be unable to support and provide health insurance benefits for his wife and child.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled, to have his employment continued as a Boston Police officer for the duration of this litigation.

b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and/or which will make the Plaintiff whole.

**COUNT II**
**42 U.S.C. §1983**
**DEPRIVATION OF CIVIL RIGHTS**

34. The Plaintiff restates, realleges and incorporates by reference paragraphs 1-33 of the Complaint in its entirety as set forth above.

35. The Defendants, individually and collectively, have violated Plaintiff’s civil rights by terminating from his position with the Boston Police Department.

36. The Defendants, individually and collectively, stated the termination of plaintiff prior to any hearing on the allegations against Plaintiff prior to August 3, 2009.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation;

b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and/or which will make the Plaintiff whole.

**COUNT III**
**VIOLATION OF FOURTEENTH AMENDMENT**
**EQUAL PROTECTION OF THE LAWS CLAUSE**

37. The Plaintiff repeats, realleges and incorporates by reference as if set for the hereto in their entirety paragraphs 1-36 of the Complaint.

38. Plaintiff will be terminated from his employment as a Boston Police Officer in violation of his Fourteenth Amendment rights to equal protection, as implemented by 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation.

b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and.lor which will make the Plaintiff whole.

**COUNT IV**
**42 U.S.C. §1985**
**CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**

39. The Plaintiff repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1-38 of the Complaint.

40. Defendants did conspire to violate the civil rights of the Plaintiff in violation of 42 U.S.C. § 1985.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation
b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;
c. that the Plaintiff be awarded reasonable attorney's fees and costs;
d. that the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;
e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and
f. such further relief as this honorable Court deems just and proper and/or which will make the Plaintiff whole.

**COUNT V**
**VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT**

41. The Plaintiff repeats, realleges and incorporates by reference as if set for the hereto in their entirety paragraphs 1-40 of the Complaint.

42. The Plaintiff will be terminated from his employment in violation of his rights under the Constitution and laws of the United States and the Commonwealth of Massachusetts.

43. The Defendants' conduct toward Barrett subjected him to the cancellation of any future economic benefit as a police officer, and specifically with the Boston Police Department. Furthermore, the Defendants proposed treatment of Officer Barrett is disproportionate to the allegations against Officer Barrett given he has not had any meaningful opportunity to prepare any defense to the allegations based on the statements Defendants Menino and Davis purports as the precursor to a fair hearing. The course of the Defendant's disparate treatment of Officer Barrett is evident, including but not limited to the characterization of Officer Barrett as a "Cancer." Lastly, the abrupt attempt at terminating Officer Barrett's employment constitute a course of intentional harassment and intimidation by the Defendants with no regard for Officer Barrett's right to be heard by a fair and impartial Trier of fact.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation.

b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and/ or which will make the Plaintiff whole.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. The Plaintiff repeats, realleges and incorporates by reference as if set for the hereto in their entirety paragraphs 1-43 of the Complaint.

45. The Defendants knew or reasonably should have known conduct related to the Plaintiffs termination from his position of Police Office would reasonably result in the Plaintiff suffering emotional distress

46. The Defendants did, by failing to apprise the Plaintiff of the substance of the allegations against him in any manner and by failing as well to provide him an opportunity to rebut the same, and pronounce him gone, to a worldwide audience absent any hearing intend to and did inflict such emotional distress.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation.
b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that: the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and/or which will make the Plaintiff whole.

**COUNT VII**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

47. The Plaintiff repeats, realleges and incorporates by reference as if set for the hereto in their entirety paragraphs 1-46 of the Complaint.

48. The Plaintiff alleges that the Defendants, by the statements of Defendants Menino and Davis to a global audience deprived him of the right to receive the benefits of his employment contract with the Department. Furthermore, the Defendants failed to provide Officer Barrett notice of the allegations at issue or any evidence to support the allegations.

49. The Plaintiff further alleges that the breach of the employment contract by its very nature breached the covenant of good faith and fair dealing.

WHEREFORE, the Plaintiff respectfully requests that this honorable Court order:

a. that the Defendant(s) be enjoined from decreasing, terminating or withholding any wages and/ or benefits to which he be entitled to have his employment continued as a Boston Police officer, for the duration of this litigation.

b. that the Plaintiff be awarded money damages in an amount which will fairly compensate him for his emotional and physical pain and suffering;

c. that the Plaintiff be awarded reasonable attorney's fees and costs;

d. that: the Defendant Menino and Defendant Davis be ordered to pay the Plaintiff punitive damages;

e. that the Defendants pay the Plaintiff interest on any judgment entered in his favor from the date that this civil action was filed; and

f. such further relief as this honorable Court deems just and proper and/or which will make the Plaintiff whole.

## State Claims

**COUNT I - Massachusetts Declaration of Rights, Article XI**
Recourse to the laws. for all injuries or wrongs which he may receive in his person, property, or character

50. Plaintiff Barrett restates and incorporates by reference herein paragraphs 1 - 49 above.

**COUNT II - Massachusetts Declaration of Rights, Article XII**
No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land

51. Plaintiff Barrett restates and incorporates by reference herein paragraphs 1 - 49 above.

**Request For Relief**

52. Wherefore, the Plaintiff requests that this Honorable Court award him compensatory and punitive damages, injunctive relief, plus attorney's fee and costs.

Date: January 15, 2010

Respectfully submitted, Justin Barrett
By and through his attorney,

______________________________

Peter T. Marano, Esq.
Law Offices of Peter T. Marano, LLC
Seventy Seven North Washington Street
Boston, MA 02114
(617) 227-1227
BBO# 665506

**CERTIFICATE OF SERVICE**

I, Peter T. Marano, counsel for the Plaintiff, do hereby certify that a copy of the foregoing First Amended Complaint, Injunctive Relief and Demand for Jury Trial was served upon the following counsel of record for the Defendants this 15th day of January 2010 by filing with the ECF system:

Mary Jo Harris
Morgan, Brown & Joy, LLP
200 State Street
11th Floor
Boston, MA 02109
(617) 788-5011
mharris@morganbrown.com

/ s/ Peter T. Marano
___________________________________
Peter T. Marano, Esq.