## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JUSTIN BARRETT,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CITY OF BOSTON, BOSTON POLICE** ) | |
| **DEPARTMENT, THOMAS M.** ) | **Civ. Action No. 09cv11298-NG** |
| **MENINO, in his official and individual** ) | |
| **capacities, EDWARD F. DAVIS, in his** ) | |
| **official and individual capacities, JACK** ) | |
| **MCDONOUGH, in his official and** ) | |
| **individual capacities, and KENNETH** ) | |
| **FONG, in his official and individual** ) | |
| **capacities,** ) | |
| **Defendants.** ) | |

**GERTNER, D.J.**

### ORDER RE: DEFENDANTS' MOTION TO DISMISS
April 16, 2010

In this lawsuit, the plaintiff, Justin Barrett, asserts that his rights to due process and equal protection were violated when the mayor and police chief suggested he would be fired for allegedly racist and sexist remarks he made in an email sent to the Boston Globe. The Court concludes that the defendants' actions did not violate Barrett's right to due process (Count I) regarding his property interest in his job because he was suspended with pay before his termination hearing. See Koelsch v. Town of Amesbury, 851 F. Supp. 497 (D. Mass. 1994). Moreover, with respect to his purported liberty interest in his reputation, he failed to allege that the officials' comments were false and that the government did not comply with a request for a "name-clearing opportunity." Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 103 (1st Cir. 2002).

The plaintiff has not sufficiently pled an equal protection claim (Count III) because his complaint does not refer to other officers who were accused of misconduct, let alone "adequately

allege all of the relevant respects in which the plaintiff and more favorably treated [individuals] were 'similarly situated.'" <u>Frei v. Town of Holland</u>, 212 F. App'x 4, 6 (1st Cir. 2007) (quoting <u>Barrington Cove Ltd. P'ship v. R.I. Hous. & Mortgage Fin. Corp.</u>, 246 F.3d 1, 8 (1st Cir. 2001)). Barrett's claims under the Massachusetts Civil Rights Act (Count V), and the Massachusetts Declaration of Rights ("State Claims" I and II) similarly fail because he has not stated a viable civil rights claim.[1]  His claim for conspiracy to violate civil rights (Count IV) must be dismissed because he has not pled the existence of an agreement motivated by racial or class-based animus. <u>See</u> <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 267-68 (1993); <u>Devine v. Town of W. Newbury</u>, No. 07cv11720, 2009 U.S. Dist. LEXIS 62989, at *20-21 (D. Mass. July 10, 2009).

Barrett also does not state a valid claim for intentional infliction of emotional distress (Count VI) because he does not assert that the defendants engaged in "extreme and outrageous" conduct.  <u>Sena v. Commonwealth</u>, 417 Mass. 250, 264 (Mass. 1994).  Finally, his claim for breach of the covenant of good faith and fair dealing (Count VII) must be dismissed because he does not address the required element of "denied compensation."  <u>King v. Driscoll</u>, 424 Mass. 1, 7 (1996).

The defendants' motion to dismiss plaintiff's amended complaint (document #22) is **GRANTED**.  Judgment will enter for the defendants.

**SO ORDERED.**

**Date:  April 16, 2010**             */s / Nancy Gertner*
                                      **NANCY GERTNER, U.S.D.C.**

---

[1] Barrett brought a nominally separate claim under 42 U.S.C. § 1983 (Count II), but this statute is not an independent source of rights; it merely provides a cause of action for civil rights violations.  <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994).